O’Neall, J.
The first and most important question in the case is, whether a parol license to erect a bridge existing in part on the land of the plaintiff, be irrevocable ? This depends, it seems to me, on the statute of frauds and perjuries, (29 Car. 2 c. 3) P. L. 82: which provides “that from and after the 24th day of June, which shall be in the year of our Lord 1677, all leases, estates, interests of freehold, or term of years, or any uncertain interest of, in, to, or out of any messuages, manors, lands, tenements, or hereditaments, made or created by livery and seizin only, or by parol, and not put in writing and signed by the parties making or creating the same or their agents thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only.” A permission to erect a bridge resting in part on the land of the plaintiff is an interest of an uncertain character in her land. It is an interest in the soil; for it appropriates a part of it to the use and enjoyment of the defendant. It is an uncertain interest falling within the very words of the statute, whereby “an uncertain interest of, in, to, or out of any messuages, manors, lands, tenements or hereditaments made or created by parol and not put in writing,” is declared only to have the force and effect of a lease or estate at will. For the interest in the land of the plaintiff, created by such a permission has no certain and definite termination, and is hence called, in the statute, uncertain. Such an interest being a mere tenancy at will, may be ended by a notice to quit. This, if the tenant be in the possession and enjoyment of the demised premises, ought to be a reasonable one. It could not be given so as to surprise and prejudice the tenant, as by terminating his estate in the midst of a crop planted before the notice was given. Generally, six . months seems to have been regarded as a reasonable time within which the tenant in actual possession shall quit the premises. But" where the tenant is out of possession, there is no reason requiring a notice.to quit: for he has no possession which he can give up. In such case, the party from whom the estate at will proceeds, can end it by forbidding the tenant to re-enter. That is the case before us. The bridge was washed away ; and when the defendant went about rebuilding it, the plaintiff' refused to permit him to have any further use of her land. This she had the right to do: and he could not justify or excuse his entry under her previous license, which she had thus revoked.
In the case of Thompson v. Gregory 4. John. R. 81, it was held, that a permission by parol to erect a mill and dam, on land which had been leased to the lessor of the defendant, but *536 the right to erect mills and dams on the same had been reserved to the grantor, was not good, inasmuch as such a right was an incorporeal hereditament, and could only pass at common law by grant: and were this not so, then the Court say “no such interest could be assigned or granted without writing, according to the statute of frauds.” This case touches, I think, and sustains the very point which I have been considering. If the permission to build the bridge could be considered as an easement vesting in the defendant and his heirs, then it could onlj’ be created by deed; but if, as a mere temporary use of the plaintiff’s lands, as for example, as long as the bridge would last, then it required some note or memorandum in writing to be signed by the plaintiff, to give it any effect be. jyond the termination of her own will.
The decision made on the first question seems to preclude any other direct question which could arise out of the grounds: but it may be that it was intended to raise the question, whether the erection of the bridge, one end of which rested on the land of the plaintiff, would be a trespass. There can be no doubt, however, that it is. Every unlawful entry on another’s land is a trespass.
In Dent v. Oliver Cro. Jac. 1. 122, it was held that trespass vi et armis lies for disturbance of the profits of a fair by erecting a toll booth, without saying clausum fregit. In the case before us, the action is trespass quare clausum fregit; and if trespass vi et armis would lie for erecting a toll booth notwithstanding the technical objection, it would seem to follow that the more technical form of action would lie for any erection on the land of another against his will. This is sustained by the answer of the Court to the ground in arrest of judgement in that case, which assumed that the act could not be done vi et armis. “Sed non allocatur, for thereby the land is broken by pitching therein, and although it is not said clausum fregit, yet it is good enough and punishable as a trespass, for erecting a booth, although it be not any breach of the soil.”
In the case before us, not only the land is broken, but there is an actual breach of the soil of the plaintiff in erecting the defendant’s bridge; and hence a trespass is clearly made out on the authority of the case cited.
In the case of the Mayor of Northampton v. Thomas Ward, Str. 1238, it was held that the erection of a stall in a market, against the will of the owner of the soil, was a wrong done, for which the action of trespass was the proper remedy. The analogy of the authority is so direct to the case under consideration, that it is unnecessary to do more than is already done, by stating it.
Upon the larv of the ca.sc, there can be no doubt that the *537 defendant is liable to respond in damages to the plaintiff, for the trespass which he committed in erecting his bridge and resting a part of it on her soil. What those damages should be, was a matter proper for the consideration of the jury, to be enhanced or diminished by the motive of the defendant in the act which he did. His conversion of an intended free bridge into a toll bridge, and thus increasing custom to his own mill and diminishing it to that of the plaintiff, went very fully to make out the sordid purpose for which the wrong was done, and very properly subjected him to heavy damages.
The motion for anew trial is dismissed.
JohxsoN and Harper, Js. concurred.